Mr. Justice Walker delivered the opinion of the Court. It appears, from the record, that the appellants were served by publication as non-resident defendants. At the return term, the complainants moved the court for a decree for want'of answer or demurrer to the bill, and thereupon the defendants entered their appearance to the action, and asked leave until the next sue-ceeding term to plead, answer or demur to the bill, which was granted them. At which time they failed to interpose any de-fence whatever, and the bill was taken for confessed, and a final decree entered against them. They contend that this was error: that their case came within the provisions of the 19/A s c. Dig. 228. That section requires the defendants who have been served with process thirty days previous to the return term, to plead, answer or demur, on or before the 4th day of such return term, and, in default thereof, that the bill be taken as confessed, and an interlocutory decree entered against them. It is contended, for the appellees, that the case does not come within the provisions of the 19th section, but the 20th section, which provides that where the case is continued a term, because the writ has not been served thirty days before the return term, such defendant shall appear and plead on or before the 2d day of the next succeeding term thereafter, or the bill will betaken as confessed, and a decree entered against him accordingly. It will be perceived that there is a marked difference between the 19/A and 20/A sections in regard to the effect of a default. Under the 19/'/, the defendant is allowed until the 4th day of the return term to appear and defend, and a failure to do so entitles the complainant to an interlocutory decree; whilst, under the 20/A, he must enter his appearance and answer on or before the 2d, and, on his failure to do so, a decree, not an interlocutory decree, as provided for by the 19/A section, is rendered against him. The 21s/ section, which-authorizes the defendant to file his petition for leave to plead to the merits at the next succeeding term after the interlocutory decree is rendered, by express terms, refers to interlocutory decrees, and seems to have been intended to apply exclusively to such decrees as were contemplated by the provisions of the 19/A section. In the case before us, the case was continued a term at the instance of the defendants, with leave to plead, answer, or demur,at the next term thereafter, at which time, upon their failure to do so, a final decree was rendered against them. The court, in its discretion, at the instance of the defendants, having fixed the time for them to interpose their defence, upon such failure, we think the final decree properly entered. It is next contended, on the part of the appellants, that, admitting the decree to have been in other respects correct, still the court erred in decreeing a recission of their contract for the purchase of the lots without decreeing also that the appellees should pay the amount expended in the purchase. The lots were bound for taxes. Whether sold or not, the complainants held them subject to the payment thereof. They aver in their bill that the appellants did pay for them and tender the amount so paid. The decree, however, is silent on this subject. It was, under the circumstances, error to render the decree without providing therein for the payment of the purchase money. For this error, we think the decree should be reversed and the cause remanded, with instructions to render a decree in conformity with this opinion. Let the decree be reversed.